

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 14, 1964

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-205

Re: Payment for service
of citation.

Dear Mr. Wade:

Your request for an opinion on the above subject matter presents the following facts submitted to you by Honorable Bill Decker, Sheriff of Dallas County:

"In due course of business, we received from the Attorney General of Texas, a request that we serve citations on the C. T. Corporation System, the registered agent for service of Western Gas Servicing Company and El Paso Natural Gas Company.

"These parties are defendants in Cause No. 109,082, then pending in the 120th District Court at El Paso County. The petition was styled 'State of Texas vs. El Paso Electric Company et al' and was filed under the escheat statutes (Art. 3272a V.A.C.S.).

"After my office served the citation and made return thereof, we submitted our bill for service of such process to the Attorney General's office for payment on the approved voucher forms.

"It has been called to my attention that the voucher was processed and approved by the Attorney General's office and the State Treasurer's office and that for some reason the Comptroller has refused to approve same for payment.

"It is requested that you furnish me an opinion as to the legality of my claim for compensation, or in any other words what can I do to get paid."

Section 1 of Article 3912e, Vernon's Civil Statutes, provides:

"No district officer shall be paid by the State of Texas any fees or commissions for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such moneys received by him into the fund or funds created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases or eminent domain proceedings by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act, to account for fees, commissions and costs collected from private parties; provided further, that the provisions of this Section shall not affect the payment of fees and commissions by the State or County for services rendered by County Officers in connection with the acquisition of rights of way for public roads or highways, and provided that such fees and commissions shall be deposited into the Officers' Salary Fund of the County by the County Officer collecting such fee."

Article 3933, Vernon's Civil Statutes, provides in part the following fees:

"Sheriffs and Constables shall receive the following fees:

"Serving each original citation in a civil suit $1.25"

Rule 17 of the Texas Rules of Civil Procedure provides:

"Except where otherwise expressly provided by law or these rules, the officer receiving any process to be executed shall not be entitled in any case to demand his fee for executing the same in advance of such execution, but his fee shall be taxed and collected as other costs in the case."

Rule 126 of the Texas Rules of Civil Procedure provides:

"No sheriff or constable shall be compelled to execute any process in civil cases coming from any county other than the one in which he is an officer, unless the fees allowed him by law for the service of such process shall be paid in advance; except when affidavit is filed, as provided by law or these rules. The clerk issuing the process shall indorse thereon the words, 'pauper oath filed,' and sign his name officially below them and the officer in whose hands such process is placed for service shall serve the same."

Under the facts submitted, the Sheriff served a citation on a defendant in a case pending in El Paso County. As such, fees for such services constitute a part of the court costs in a civil case, within the meaning of Section 1 of Article 3912e, Vernon's Civil Statutes, above quoted. Therefore, such costs must be paid by the State as provided by law. Attorney General's Opinion WW-628 (1959) and V-1002 (1950).

Subdivision (j) of Section 19 of Article 3912e, Vernon's Civil Statutes, applicable to counties having a population in excess of 190,000 inhabitants, provides as follows:

"Each district, county, and precinct officer who shall be compensated on a salary basis shall continue to charge for the benefit of the Officers' Salary Fund of his office provided for in this Section, all fees and commissions which he is now or hereafter may be authorized to charge against and collect from the State of Texas for services performed by him in civil proceedings and to file claims for the fees or commissions due for such services in the manner now or hereafter provided by law; and it shall be the duty of said officer to account for and cause to be paid to the salary fund created

for such officer all such commissions and
fees when paid by the State in like manner
as for costs collected from private parties;
provided further, that such warrants issued
by the State Comptroller of Public Accounts
shall be made payable jointly to the officer
in office at the date of payment and to the
county treasurer, and that upon endorsement
thereof such warrants shall be deposited
forthwith by said county treasurer in the
salary fund created for such officer."

In construing the above quoted provisions, it was held
in Attorney General's Opinion WW-628:

"Subdivision (j) of Section 19 above
quoted, specifically provides how costs in
civil cases are to be paid by the State. The
Comptroller is specifically directed to make
warrants payable to the officer in office at
the date of the payment and to the County
Treasurer. Therefore, you are advised that
in counties of 190,000 inhabitants or more,
fees or commissions earned by officers in
civil proceedings in which the State is a
party, assessed as costs, should be paid
jointly to the Clerk and to the County Treas-
urer in payment of the cost bill, unless the
final judgment directs otherwise. In other
counties the warrant should be made payable
to the Clerk or as directed by the final judgment.

The above holding in Attorney General's Opinion WW-628
has no application to payment for services rendered in the
instant case for the reason that service of citation was per-
formed by the sheriff in a county other than the county in
which the civil case was pending. Under the provisions of
Rule 126 of the Texas Rules of Civil Procedure, no sheriff
or constable shall be compelled to execute any process in
civil cases coming from any county other than the one in which
he is an officer, unless the fees allowed him by law shall be
paid in advance. Since Rule 126 of the Texas Rules of Civil
Procedure specifically provides for the payment of such fees
in advance, the Comptroller of Public Accounts is not required
to make such warrants payable jointly to the officer in office
at the date of payment and to the county treasurer as provided
in subdivision (j) of Section 19 of Article 3912e, Vernon's
Civil Statutes, but is required under the provisions of Rule
126 of the Texas Rules of Civil Procedure to issue the warrant

payable to the sheriff.

In Attorney General's Opinion V-1002, it was held:

"By reason of the foregoing and particularly the clear import of Rule 126, it is the opinion of this office that a sheriff or constable may require fees in advance or the execution of a pauper's oath for the service of process coming from any county other than the one in which he is an officer."

It is our opinion that Attorney General's Opinion V-1002 is applicable to the facts presented in your request. You are therefore advised that the claim of Honorable Bill Decker, Sheriff of Dallas County, against the State of Texas is due and payable.

## SUMMARY

Where the sheriff executes process in a civil case (which he is authorized to charge against the State) coming from any county other than the one in which he is an officer, fees allowed by law for such service are payable by the State to the sheriff performing such service. Under Rule 126 of the Texas Rules of Civil Procedure, such fees should be paid by the Comptroller of Public Accounts by issuing a warrant made payable to the sheriff executing such service of process.

Yours very truly,

WAGGONER CARR
Attorney General

By
John Reeves
Assistant

JR:ms

Hon. Henry Wade, page 6 (C-205)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Joe R. Long
Wayne Rodgers
Brady Coleman
Ivan Williams

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone